IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LISA AUBERT-BROWN, | CASE NO. CV F 12-1775 LJO |
| Debtor, | **ORDER TO DISMISS** |
| LISA AUBERT-BROWN, | (Doc. 9) |
| Appellant, | |
| vs. | |
| MICHAEL MEYER, | |
| Appellee. | |
| _____ / | |

## BACKGROUND

Appellant Lisa Aubert-Brown ("Ms. Aubert-Brown") filed this action to appeal a bankruptcy court ruling. This Court's December 13, 2012 briefing schedule set a December 27, 2012 deadline for Ms. Aubert-Brown to file her opening brief and record excerpts. This Court's January 2, 2013 order ("January 2 order") granted Ms. Aubert-Brown an extension to January 25, 2013 to file her opening brief and record excepts. The January 2 order admonished Ms. Aubert-Brown that "this Court will grant no further extension in the absence of absolute good cause." Ms. Aubert-Brown filed no timely opening brief and record excerpts and sought no further extension to do so.

**DISCUSSION**

**Failure To Comply With Orders**

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as Ms. Aubert-Brown indicates a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's

order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The January 2 order admonished Ms. Aubert-Brown that this Court will grant no further extension in the absence of absolute good cause to require diligent prosecution of Ms. Aubert-Brown's appeal. Given this Court's heaviest caseload of any district judge in the nation, this Court is unable to devote disproportionate time and resources to this action at the expense of other actions and litigants, especially considering Ms. Aubert-Brown's unwillingness to prosecute her appeal. This Court is compelled to manage its voluminous caseload expeditiously and must dismiss those actions which are not meaningfully pursued. Ms. Aubert-Brown disobeyed the January 2 order and shows no interest to pursue this appeal to warrant dismissal of this action.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES this action without prejudice and DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   January 28, 2013          /s/  Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE