1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11
IN RE LISA AUBERT-BROWN,                    CASE NO. CV F 12-1775 LJO
12
                            Debtor,          **ORDER ON BANKRUPTCY APPEAL**
13
LISA AUBERT-BROWN                            (Doc. 12)
14
                            Appellant,
15
          vs.
16
MICHAEL MEYER,
17
                            Appellee.
18
_____/
19

20                        **INTRODUCTION**

21          Appellant Lisa Aubert-Brown ("Ms. Aubert-Brown") seeks this Court's review of a bankruptcy

22  court order to dismiss Ms. Aubert-Brown's Chapter 13 bankruptcy for her failure to comply with orders.

23  This Court considered Ms. Aubert-Brown's appeal on the current record and requires no further briefing.

24  For the reasons discussed below, this Court DENIES to overturn dismissal of Ms. Aubert-Brown's

25  bankruptcy.

26                        **BACKGROUND**

27          In Ms. Aubert-Brown's bankruptcy, the trustee pursued dismissal for Ms. Aubert-Brown's failure

28  to make plan payments and unreasonable delay.  The bankruptcy court entered its October 5, 2012 order

1

("October 5") that Ms. Aubert-Brown "shall provide the requested documents to the trustee within 7 days or else this case will be dismissed on the trustee's declaration without further notice or hearing." At the October 16, 2012 hearing to dismiss, the trustee's counsel noted: "We did not get the documents required from the prior hearing, and the drop-dead date was October 12th." The bankruptcy court noted Ms. Aubert-Brown's disobedience of the October 5 order and dismissed her case, which was docketed in an October 18, 2012 Notice of Entry of Order of Dismissal.

Ms. Aubert filed this action to appeal dismissal of her bankruptcy.

## DISCUSSION

A district court reviews de novo a bankruptcy court's conclusions of law. *Paulman v. Gateway Venture Partners III*, 163 F.3d 570, 575 (9th Cir. 1998). Findings of fact by the bankruptcy court shall not be disturbed unless they are clearly erroneous. F.R.Bankr.P. 8013. "Mixed questions of law and fact are reviewed de novo. Such a question arises when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule." *In re OTA*, 179 B.R. 149, 155 (BAP 9th Cir. 1995).

Ms. Aubert-Brown characterizes the dismissal as based merely on her untimely payments. However, the record reveals that the trustee sought dismissal based on Ms. Aubert-Brown's unreasonable delay, failure to appear at creditors' meeting and failure to set a plan in addition to her failure to make timely plan payments. Dismissal was based chiefly on Ms. Aubert-Brown's failure to provide documents, pursuant to the October 5 order. The record reveals no clear error to dismiss or other grounds to disturb the bankruptcy court's rulings.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Ms. Aubert-Brown's requested relief and will not disturb bankruptcy court orders and rulings. This Court DIRECTS the clerk to close this action and to enter a renewed judgment in favor of appellant Michael Meyer and against appellant Ms. Aubert-Brown.

IT IS SO ORDERED.

Dated:   **January 30, 2013**          **/s/  Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

2